943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Neal K. MADDOX, Defendant-Appellant.
 Nos. 91-5142, 91-5185.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Neal K. Maddox ("Maddox") appeals from his November 8, 1990, conviction and his January 18, 1991, sentence for making a false declaration before court, in violation of 18 U.S.C. § 1623. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 In June 1988, Maddox filed a civil action against his former employer, E.F. Hutton, in the United States District Court for the Middle District of Tennessee for breach of his employment agreement. Maddox testified regarding a document, which allegedly represented the employment agreement, in support of his claim. This testimony was the basis for the charge of making a false statement before court.
 
 
 3
 Maddox was indicted on July 25, 1990. He was appointed counsel to represent him in September 1990. In November 1990 a two-day jury trial was held.
 
 
 4
 At trial, the government offered the testimony of the representatives of E.F. Hutton who had allegedly executed the employment agreement. The two alleged signatories testified that their signatures on the document were genuine, but that they had not signed the agreement. The representative who had hired Maddox denied preparing the document and his secretary denied typing it. The representative also testified that employment agreements of the type allegedly executed were against E.F. Hutton's policies.
 
 
 5
 An expert testified at trial that the pages in the document were from different paper sources. The first two pages came from one source and the last two pages were from two different paper sources. The expert testified that two or three different typewriters had been used in preparing the document. In addition, the paper used for the document was not a standard size. Finally, the two pages on which the E.F. Hutton representatives' signatures appeared had gone through a photocopy machine before the signatures were affixed.
 
 
 6
 There was testimony from the courtroom deputy clerk and the court reporter which suggested that Maddox had been under oath during his testimony at the civil trial regarding the execution of the employment agreement. This testimony was based on the trial transcript which indicated that Maddox was sworn by being placed under oath. The deputy court clerk testified that it was a common practice to have witnesses swear under oath prior to testifying. However, the clerk could not independently recall swearing in Maddox.
 
 
 7
 Maddox's appointed counsel cross-examined some of the above witnesses, but offered no direct proof in support of Maddox's defense. At the conclusion of the government's proof, defense counsel moved for a judgment of acquittal, which was denied. The jury found Maddox guilty of the single count charged. Maddox then requested that a private attorney from Memphis, Tennessee, in the Western District of Tennessee, be appointed to replace his court-appointed counsel. After a hearing on the matter, that request was also denied.
 
 
 8
 On January 18, 1991, the district judge sentenced Maddox to a ten-month term of imprisonment, $50 special assessment and supervised release for two years after imprisonment.
 
 II.
 A.
 
 9
 Maddox first claims that the evidence was insufficient to support the jury verdict. This Court may not reverse a jury verdict if there is substantial evidence to support it. United States v. Monroe, 833 F.2d 95, 101 (6th Cir.1987). We conclude that the evidence in this case was more than sufficient to support the jury verdict.
 
 
 10
 The testimonies of the E.F. Hutton employees, the expert witness, the deputy court clerk and the court reporter, if believed by the jury, clearly supported Maddox's conviction. The E.F. Hutton representatives explicitly denied executing the employment agreement on which Maddox's civil action was based. The expert witness' testimony suggested that the document evidencing the alleged employment agreement was forged. This testimony directly contradicted Maddox's testimony in court that the employment agreement had been executed by E.F. Hutton and entitled him to relief.
 
 
 11
 The deputy court clerk and the court reporter testified that the trial transcript reflected that Maddox was under oath when he testified at the civil trial. The testimony of these witnesses was imperative to the government's case because a violation under 18 U.S.C. § 1623 requires that false testimony before the court be given under oath.[1] During cross-examination, Maddox's attorney attempted to discredit this testimony. Primarily, Maddox's attorney elicited testimony from the court clerk and reporter that the transcript on which they based their testimony was not necessarily accurate because mistakes are occasionally made in recording such information. The deputy court clerk admitted that she had no independent recollection of swearing in Maddox. This testimony, however, was hardly enough to make the jury verdict untenable. Accordingly, we affirm that verdict.
 
 B.
 
 12
 Maddox claims next that the district judge should have sentenced him to probation rather than a term of imprisonment. Maddox argues that the court erred in failing to do so in light of Maddox's age (he is fifty years old), his steady history of employment and his lack of a criminal record. Maddox concedes that his sentence was within the applicable sentencing guidelines and that probation would be a downward departure from the guidelines. We find Maddox's claim meritless.
 
 
 13
 The Sentencing Guidelines Act of 1986, 28 U.S.C. § 994, establishes sentencing guidelines (the "guidelines") under which the court may exercise very limited jurisdiction when determining sentences. United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). The district judge may depart from the guidelines if there is an aggravating or mitigating factor present that the Sentencing Commission, which established the guidelines, did not adequately consider when formulating the guidelines. See United States v. Perez, 871 F.2d 45, 47 (6th Cir.1989), cert. denied, 492 U.S. 910 (1989). A sentence that is within the guidelines, however, "is not appealable on the grounds that the sentencing judge failed to depart from the [g]uidelines on account of certain factors which the defendant feels were not considered by the [g]uidelines and should reduce his sentence." Draper, 888 F.2d at 1105. Since the district judge in the instant case has sentenced Maddox within the applicable guidelines, we must affirm that sentence.
 
 C.
 
 14
 Maddox's final claim is that his sixth amendment right to counsel was violated by the district court's refusal to appoint the counsel of his choice. When a defendant is unreasonably denied counsel of choice, "the denial can rise to the level of a constitutional violation." Wilson v. Mintzes, 761 F.2d 275, 278-79 (6th Cir.1985). However, "[w]hen an accused seeks substitution of counsel in mid-trial, he must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Id. at 280.
 
 
 15
 Maddox did not request new counsel until after his conviction, but before sentencing. He requested an attorney who was located in a district outside of the district in which the case was pending. The district court held a hearing on Maddox's request. The basis for the request was that, based on confidential discussions with his trial counsel, Maddox felt that he needed another attorney. He stated that there were questions in his mind as to whether his trial counsel could effectively pursue an appeal because he intended to raise a claim of ineffective assistance of trial counsel on appeal.
 
 
 16
 Under the circumstances of this case, we hold that the district court's denial of new counsel was not unreasonable. Maddox's stated "need" for new counsel without any specific allegations that there was any conflict or breakdown in communication did not require the appointment of new counsel just prior to sentencing. Therefore, we conclude that the district court did not deny Maddox his right to counsel by refusing to appoint counsel of his choice. We stress, however, that our determination is limited to the question of whether new counsel should have been appointed and we are not addressing an ineffective assistance of counsel claim. Such claim was not tried below and, therefore, we now lack jurisdiction over it. See United States v. Iles, 906 F.2d 1122, 1123 (6th Cir.1990).
 
 III.
 
 17
 For the foregoing reasons, we AFFIRM the conviction and sentence by the Honorable Thomas A. Higgins, United States Judge for the Middle District of Tennessee.
 
 
 
 [1]
 The statute provides in pertinent part:
 Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declarations or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 18 U.S.C. § 1623(a) (emphasis added).